IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ERIC LAMONT HENNING,

    Petitioner,

v.                                                                                                                  No. 1:20-cv-01150-JDB-jay
                                                                                                                       Re: 1:11-cr-10021-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

The Petitioner, Eric Lamont Henning,[1] has filed a pro se motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[2] For the following reasons, the Petition is DISMISSED.

BACKGROUND

In 2011, Henning was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*United States v. Henning*, No. 1:11-cr-10021-JDB-1 (W.D. Tenn.) ("No. 1:11-cr-10021-JDB-1"), D.E. 2.) Pursuant to a plea agreement with the Government, the Defendant pleaded guilty on May 20, 2011, to the sole count of the indictment. (*Id.*, D.E. 15-16.) By the agreement, Hunt waived his right to appeal, except in narrow circumstances, and to bring collateral challenges to his sentence under § 2255, including

---

[1] The Court will refer to Henning as the "Defendant" in its discussion of the underlying criminal case.

[2] Unless otherwise noted, record citations are to documents filed in the present case.

ineffective-assistance-of-counsel claims alleging counsel's failure to file a notice of appeal. (*Id.*, D.E. 16 at PageID 22-23.)

On April 5, 2012, the undersigned conducted a hearing and sentenced Henning to 180 months' imprisonment, to run concurrently with the sentence imposed in Madison County, Tennessee, Circuit Court Case No. 11-16. (*Id.*, D.E. 31, 33.) Judgment was entered on April 9, 2012. (*Id.*, D.E. 33.) The Defendant did not take a direct appeal.

## DISCUSSION

In the Petition, filed December 9, 2019, the inmate asserts that he is entitled to have the Court "vacate [his] judgment and discharge [his] immediate release" "[i]n light of *Rehaif v. United States*," 139 S. Ct. 2191 (2019), and because his defense counsel rendered ineffective assistance by advising him to waive his right to bring a § 2255 petition. (D.E. 1 at PageID 1-2.) The Government responded on October 26, 2020, arguing that the claims are, variously, procedurally defaulted, untimely, and without merit. (D.E. 6.) Petitioner did not file a reply, although he was allowed to do so. (*See* D.E. 5 at PageID 14; D.E. 8 at PageID 53.)

I.   Section 2255 Legal Standards.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). To establish an error of constitutional magnitude a petitioner "must demonstrate the existence of an error . . . which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)). For a petitioner "to obtain relief under § 2255 on the basis of non-

2

constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, No. 97-6118, 1998 WL 399620, at *1  (6th Cir. June 11, 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

Proceedings under § 2255 are not a substitute for direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Therefore, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice¨ to excuse the procedural default. *Id.*  A petitioner may also seek to overcome the default on the ground "that he is 'actually innocent'" of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding.  *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Such a claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Id.* at 966.  To succeed on an ineffective-assistance claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  *Strickland*, 466 U.S. at 687.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  A court considering a claim of

ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair [proceeding] whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

II.   *Rehaif* Claim.

Petitioner submits that the Court must vacate his felon-in-possession conviction because the Government did "not meet its burden of proof" of establishing "mens rea." (D.E. 1 at PageID 1.) He maintains, specifically, that the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2194, which was decided several years after his judgment of conviction became final, requires the Government to prove that he knew he was a felon at the time he possessed the firearm. (*Id.*) Because Petitioner pleaded guilty to the firearm offense rather than proceeding to trial, the Court construes the argument as an assertion that his guilty plea was not knowing and voluntary because the Court did not inform him at the plea hearing of the Government's obligation to establish the knowledge-of-status element. Respondent argues that the claim is not properly

4

before the Court because Henning procedurally defaulted it by failing to raise it on direct appeal. The Court agrees.

As relevant here, § 922(g) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"  18 U.S.C. § 922(g).  In *Rehaif*, the Supreme Court held that, to prove a § 922(g) violation, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Rehaif*, 139 S. Ct. at 2194.

The holding in *Rehaif* has implications for the plea process.  It is fundamental that a guilty plea is not voluntary and knowing if "the defendant [does not] understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty."  *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley*, 523 U.S. at 618-19).  Therefore, post-*Rehaif*, a defendant who pleads guilty to being a felon in possession of a firearm must be advised by the district court during the plea colloquy of the knowledge-of-status element.  *See Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) ("*Rehaif* error[] occurred" when "the District Court failed to advise [the defendant] during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon").

As the Government correctly points out, Petitioner procedurally defaulted his *Rehaif* claim by failing to raise the knowledge-of-status issue on direct appeal.  Moreover, nothing in Henning's submissions in the present case suggests that he has asserted cause and prejudice to excuse the default or his actual innocence to overcome it.  It bears noting that Petitioner could have addressed Respondent's procedural default argument in a reply, but he did not file one even

after the Court granted him an extension of time to do so. (*See* D.E. 8 at PageID 53.) Therefore, the procedural default bars the *Rehaif* claim.[3]

But even if the claim were not procedurally defaulted, it would fail on the merits. To prevail, Petitioner must demonstrate that the Court's error during the plea colloquy "had a substantial and injurious effect or influence on the guilty plea." *United States v. King*, Case No. 18-cr-20637, 2020 WL 7396331, at *2 (E.D. Mich. Dec. 17, 2020) (quoting *Griffin*, 330 F.3d at 736). A federal prisoner alleging a *Rehaif* error who fails to show "'a reasonable probability' . . . that he would have stood trial rather than plead guilty if the court had informed him of the element," falls short of establishing a substantial and injurious effect on this conviction. *Wallace*, 43 F.4th at 603 (quoting *Greer*, 141 S. Ct. at 2096).

Petitioner cannot meet this standard as he has not alleged that he did not know he was a felon and has not pointed to any evidence suggesting that he lacked such knowledge. *Cf. Greer*, 141 S. Ct. at 2097-98 (on direct appeal under plain error review, where defendant did not argue that he would have presented evidence in the district court that he did not in fact know he was

---

[3]Even if Petitioner had argued that he can establish cause for the procedural default on the ground that raising the claim on direct appeal would have been futile, he still could not lift the procedural bar. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019), *rev'd and remanded on other grounds*, 142 S. Ct. 1063 (2022) ("it would be self-refuting for [the defendant] to argue that he could not have presented his claim until after *Rehaif* was decided" because "the defendant in *Rehaif* did just that."): *United States v. Ward*, 957 F.3d 691, 694-95 (6th Cir. 2020) ("the fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that Ward could have made a similar objection to the indictment's omission of a knowledge-of-status element"). Nor could Henning demonstrate actual prejudice. As discussed *infra*, he has not introduced evidence that he did not know he was a felon, and the record renders implausible the notion that he lacked such knowledge. For those same reasons, Petitioner also could not demonstrate his actual innocence in a bid to overcome the procedural default. *See Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022) (petitioner did not establish his actual innocence because he failed to "present 'new evidence' suggesting that he lacked the required knowledge about his status as a felon").

felon when he possessed the firearms, he failed to "show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty").

In fact, the records in Petitioner's underlying criminal case render implausible the notion that he did not know he was a felon when he possessed the firearm. At the change of plea hearing, Henning admitted that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year—that is, a felony. That "plea . . . admission . . . strongly suggests his knowledge of his status." *Brown v. United States*, No. 20-3632, 2021 WL 2470311, at *2 (6th Cir. May 21, 2021) (citing *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020)). Additionally, the presentence report advised that Henning's criminal history encompassed eleven felonies, including aggravated robbery, kidnapping, and aggravated assault. (Presentence Report at ¶¶ 28-34.) Defendant did not dispute those findings in his position paper. (*See* No. 1:11-cr-10021-JDB-1, D.E. 25 at PageID 41.)

At bottom, Petitioner knew he was a felon at the time he possessed the firearm and the Government would have had no problem proving that fact. There is therefore no reasonable probability that he would have proceeded to trial had he known of the prosecution's burden to establish the knowledge-of-status element. Accordingly, even if the claim were not procedurally defaulted, it would be denied because it is without merit.

III.    Ineffective Assistance Claim.

Henning contends that counsel was ineffective for negotiating and recommending a plea agreement that contained a waiver of his right to bring a collateral "challeng[e] [to his] lawyer[']s advice[.]" (D.E. 1 at PageID 1.) In other words, he posits that counsel labored under a conflict of interest by advising him to prospectively waive his right to bring claims in a § 2255

7

proceeding that challenge the effectiveness of counsel's representation. The Government argues that the claim is untimely and without merit. Respondent's position is well-taken.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction became final. 28 U.S.C. § 2244 *et seq*. Paragraph (f) of § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, under § 2255(f)(1), "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). For a defendant who does not take a direct appeal, the judgment of conviction becomes final upon the expiration of the time for him to seek direct review. *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6th Cir. 2004). Under the Federal Rules of Appellate Procedure, a defendant in a criminal case normally has fourteen days from entry of judgment in which to appeal. *See* Fed. R. App. P. 4(b)(1)(A).

The one-year statute of limitations in § 2255(f) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). Equitable tolling requires the petitioner to show that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Additionally, a credible showing of actual innocence will allow a petitioner to overcome the statute of limitations, rather than provide him an excuse for the late filing. *Yousafzai v. United States*, No. 17-1071, 2017 WL 3185189, at *2 (6th Cir. June 7, 2017) (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)).

Henning did not appeal his conviction or sentence. Pursuant to § 2255(f)(1), his conviction became final on Monday April 23, 2012, which was fourteen days after entry of judgment. *See* Fed. R. App. P. 4(b). The § 2255 limitations period began to run the next day, April 24, 2012, and expired one year later on Wednesday April 24, 2013. Henning filed the Petition on December 9, 2019. Therefore, the ineffective-assistance claim is untimely by over six and one-half years.

Petitioner does not argue that he is entitled to equitable tolling of the applicable limitations period or that he is actually innocent of the crime of which he was convicted. Therefore, the ineffective-assistance claim is subject to dismissal.

But even if the claim had been filed within the federal limitations period, Petitioner would not be entitled to relief because the claim is without merit. It is well-established that, except in cases where an actual conflict arises from concurrent representation, a petitioner must establish *Strickland* prejudice. *Lordi v. Ishee*, 384 F.3d 189, 193 (6th Cir. 2004). Here, even assuming Henning's attorney performed deficiently by recommending that his client agree to the waiver, no prejudice resulted from counsel's conduct. More to the point, the Government in the

present matter has not asserted the collateral-rights waiver as an affirmative defense to any ineffective-assistance claim. In fact, Respondent concedes that "nothing in Henning's waiver would bar him from raising a claim of ineffective assistance of counsel in a § 2255 motion[.]" (D.E. 6 at PageID 27.) Thus, as the waiver is without consequence in this § 2255 proceeding, the claim, even if timely, would be denied on the merits.

For the foregoing reasons, the *Rehaif* claim is DISMISSED as procedurally defaulted and the ineffective-assistance claim is DISMISSED as untimely. Alternatively, both claims are without merit. The Petition is hereby DISMISSED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[4]

IT IS SO ORDERED this 27th day of July 2023.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

11